## Case No. 2,761.

### The CITY OF NORWICH.

[4 Ben. 271.] [1]

District Court, S. D. New York.   June, 1870.

COLLISION—CARRIER—LIMITATION OF LIABILITY BY NOTICE—NEGLIGENCE.

Where a receipt by a common carrier for property entrusted to him, stated that no package, if lost, damaged or stolen, should be deemed of greater value than $100, unless specifically receipted for, and it appeared that the property

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

in question was lost by negligence of the carrier. *held*, that the limitation of liability was ineffective, against a loss arising from negligence, as being against public policy.

[Cited in Hart v. Pennsylvania R. Co., 112 U. S. 342, 5 Sup. Ct. 156.]

This case came up on exceptions to the report of a commissioner, to whom it was referred to ascertain the libellant's damages. The action was by a shipper of cargo on board the steamer, which was sunk in a collision with a schooner, occasioned by negligence on the part of the steamer. [See Place v. The City of Norwich, Case No. 11,202; and, also, The City of Norwich, Id. 2,760, next preceding.]

BENEDICT, District Judge. The only one of the questions, sought to be raised by the exceptions in this cause, which is now open in the court, is, whether the portion of the receipt, given by the carrier upon the shipment of the goods lost, and put in evidence by the libellants, which states "no package, if lost, damaged or stolen, to be deemed of greater value than $100, unless specifically receipted for at a greater valuation," can be effective to limit the amount of the recovery in this action. My opinion is that the words referred to cannot be effective to limit the recovery of the libellants, in a case like this. It has been decided, that the loss of these goods arose from actual negligence on the part of the carriers, and the reasons, which lead to the determination that the receipt is not effective to exempt from liability caused by actual negligence, apply to the portion of the receipt in question, as well as to any other part. To permit carriers to fix a limitation to the amount of their liabilities for their own negligence, is, in effect, to permit them to exempt themselves from such liability. Every consideration of public policy, which applies in the one case, seems equally applicable in the other. The exceptions must therefore be overruled, and the report confirmed.

[NOTE. For a history of the subsequent proceedings in this case, see Case No. 2,762, and note.]